

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

ROBERT LEE EVANS COMER
ELAINE MATUK COMER
RONALD MAJETTE
LEO FRANCIS PRATHER
MICHAEL LYNN COMER

CASE NO. 8:04-cr-539-T-27EAJ
18 U.S.C. § 371
18 U.S.C. § 2314
18 U.S.C. § 2315

### INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Conspiracy to commit offenses against the United States - 18 U.S.C. § 371)

#### A. Introduction

At times material to this Indictment:

1.  Castle Trucking and Grading, Inc. ("CASTLE TRUCKING"), was a company located in Kernersville, North Carolina. Robert Lee Evans Comer ("ROBERT COMER") and Elaine Matuk Comer ("ELAINE COMER") resided in Kernersville, North Carolina, and owned and operated CASTLE TRUCKING.

2.  Ronald Majette ("MAJETTE"), Leo Francis Prather ("PRATHER"), and Michael Lynn Comer ('MICHAEL COMER") were, at times, employed by or associated with CASTLE TRUCKING.



## B. The Conspiracy

3. From in or about January 1998, to in or about December 1999, in the Middle District of Florida and elsewhere,

> ROBERT LEE EVANS COMER
> ELAINE MATUK COMER
> RONALD MAJETTE
> LEO FRANCIS PRATHER
> MICHAEL LYNN COMER

defendants herein, did knowingly and willfully conspire, combine, confederate, and agree with each other and with other persons to commit the following offenses against the United States:

   a. to transport in interstate commerce goods, wares, and merchandise, of the value of $5,000 or more, knowing the same to have been stolen, in violation of Title 18, United States Code, Section 2314; and

   b. to receive, possess, conceal, store, barter, sell, and dispose of goods, wares, and merchandise, of the value of $5,000 or more, which have crossed a state boundary after being stolen, knowing the same to have been stolen, in violation of Title 18, United States Code, Section 2315.

## C. The Manner and Means

4. The manner and means by which the conspiracy was carried out included, among others, the following:

   a. It was a part of the conspiracy that the conspirators would and did travel to multiple states, including Virginia, North Carolina, South Carolina, Georgia, Alabama, and Arkansas, in search of construction equipment, such as loader backhoes, to steal;

  b. It was a further part of the conspiracy that, on occasion, after having located construction equipment to steal, the conspirators would and did communicate with a person or persons prior to the theft to verify that the equipment was desired for resale;

  c. It was a further part of the conspiracy that the conspirators would and did steal construction equipment and transport said equipment to the Middle District of Florida and elsewhere using, on occasion, trucks owned or controlled by CASTLE TRUCKING;

  d. It was a further part of the conspiracy that the conspirators would and did sell the stolen equipment in the Middle District of Florida and elsewhere;

  e. It was a further part of the conspiracy that the conspirators responsible for stealing, transporting, and selling the aforesaid construction equipment would and did share in the proceeds of the sale of said equipment; and

  f. It was a further part of the conspiracy that the conspirators would and did take steps to hide and conceal their activities from others, including law enforcement officers and agents.

### D. Overt Acts

5. In furtherance of the conspiracy, and to accomplish its objectives, the following overt acts, among others, were committed by the conspirators in the Middle District of Florida and elsewhere:

    (a)    **The John Deere 624G, DW624GB556880**

    (i)    In or about October 1998, a conspirator stole a John Deere 624G, serial number DW624GB556880, from a location in Georgia and transported it to the Middle District of Florida.

    (ii)    On or about October 23, 1998, a conspirator sold a John Deere 624G to a person or entity located in the Middle District of Florida for $35,000.

    (iii)    On or about October 23, 1998, a conspirator accepted a $35,000 check from a person or entity located in the Middle District of Florida.

    (iv)    On or about October 23, 1998, a conspirator cashed a $35,000 check at Platinum bank, located in Brandon, Florida.

    (b)    **The Ford 555D, A428042 And The Ford 555D, A435797**

    (i)    In or about January 1999, a conspirator or conspirators stole a Ford 555D, serial number A428042, and a Ford 555D, serial number A435797, from locations in Virginia and transported them to the Middle District of Florida.

    (ii)    On or about January 29, 1999, a conspirator sold a Ford 555D, serial number A428042, to a person or entity located in the Middle District of Florida.

    (iii)    On or about January 29, 1999, MICHAEL COMER sold a Ford 555D, serial number A435797, to a person or entity located in the Middle District of Florida for $16,000.

(iv)     On or about January 29, 1999, a conspirator accepted a check for approximately $14,100 from a person or entity located in the Middle District of Florida.

(v)     On or about January 29, 1999, MICHAEL COMER accepted a $16,000 check from a person or entity located in the Middle District of Florida.

(vi)     On or about January 29, 1999, a conspirator cashed a check for approximately $14,100 at Platinum bank, located in Brandon, Florida.

(vii)     On or about January 29, 1999, MICHAEL COMER cashed a $16,000 check at Platinum bank, located in Brandon, Florida.

(c)     **The John Deere 310D, G804152**

(i)     In or about February 1999, a conspirator stole a John Deere 310D, serial number G804152, from a location in Alabama and transported it to the Middle District of Florida.

(ii)     On or about February 4, 1999, PRATHER sold a John Deere 310D, serial number G804152, to a person or entity located in the Middle District of Florida for $16,000.

(iii)     On or about February 4, 1999, PRATHER accepted a $16,000 check from a person or entity located in the Middle District of Florida.

(iv)     On or about February 5, 1999, PRATHER cashed a $16,000 check at Platinum bank, located in Brandon, Florida.

(d) **The Ford 555D, A431763**

(i) In or about February 1999, a conspirator stole a Ford 555D, serial number A431763, from a location in South Carolina and transported it to the Middle District of Florida.

(ii) On or about February 24, 1999, MICHAEL COMER sold a Ford 555D, serial number A431763, to a person or entity located in the Middle District of Florida for $15,000.

(iii) On or about February 24, 1999, MICHAEL COMER accepted a $15,000 check from a person or entity located in the Middle District of Florida.

(iv) On or about February 25, 1999, MICHAEL COMER cashed a $15,000 check at Platinum bank, located in Brandon, Florida.

(e) **The Catepillar 416B, 8SG13416**

(i) In or about May 1999, a conspirator stole a Catepillar 416B, serial number 8SG13416, from a location in Alabama and transported it to the Middle District of Florida.

(ii) On or about May 20, 1999, MAJETTE sold a Catepillar 416B, serial number 8SG13416, to a person or entity located in the Middle District of Florida for $16,500.

(iii) On or about May 20, 1999, MAJETTE accepted a $16,500 check from a person or entity located in the Middle District of Florida.

      (iv)    On or about May 20, 1999, MAJETTE cashed a $16,500 check at Platinum bank, located in Brandon, Florida.

    (f)    **The Catepillar 416C, 4ZN00687**

      (i)    On or about June 9, 1999, a conspirator stole a Catepillar 416C, serial number 4ZN00687, from a location in North Carolina and transported it to the Middle District of Florida.

      (ii)    On or about June 10, 1999, MAJETTE sold a Catepillar 416C, serial number 4ZN00687, to a person or entity located in the Middle District of Florida for $17,500.

      (iii)    On or about June 10, 1999, MAJETTE accepted a $17,500 check from a person or entity located in the Middle District of Florida.

      (iv)    On or about June 10, 1999, MAJETTE cashed a $17,500 check at Platinum bank, located in Brandon, Florida.

    (g)    **The Ford 555D, A433108**

      (i)    In or about August 1999, a conspirator stole a Ford 555D, serial number A433108, from a location in North Carolina and transported it to the Middle District of Florida.

      (ii)    On or about August 26, 1999, MAJETTE disposed of a Ford 555D, serial number A433108, by transferring it to a person or entity located in the Middle District of Florida.

(h) **The Ford 555D, A425247**

(i) On or about September 1, 1999, a conspirator stole a Ford 555D, serial number A425247, from a location in South Carolina and transported it to the Middle District of Florida.

(ii) On or about August 26, 1999, MAJETTE disposed of a Ford 555D, serial number A425247, by transferring it to a person or entity located in the Middle District of Florida.

(iii) On or about August 26, 1999, MAJETTE accepted a $1,000 check from a person or entity located in the Middle District of Florida.

(i) **The John Deere 310E, 843321**

(i) On or about September 14, 1999, a conspirator stole a John Deere 310E, serial number 843321, from a location in North Carolina and transported it to the Middle District of Florida.

(ii) On or about September 14, 1999, MAJETTE sold a John Deere 310E, serial number 843321, to a person or entity located in the Middle District of Florida for $18,500.

(iii) On or about September 14, 1999, MAJETTE accepted a $18,500 check from a person or entity located in the Middle District of Florida.

(iv) On or about September 14, 1999, MAJETTE cashed a $18,500 check at Platinum bank, located in Brandon, Florida.

(j) **The Catepillar 416, 8ZK02079**

(i) On or about November 22, 1999, a conspirator stole a Catepillar 416, serial number 8ZK02079, from a location in North Carolina and transported it to the Middle District of Florida.

(ii) On or about November 22, 1999, MAJETTE sold a Catepillar 416, serial number 8ZK02079, to a person or entity located in the Middle District of Florida for $14,000.

(iii) On or about November 22, 1999, MAJETTE accepted a $14,000 check from a person or entity located in the Middle District of Florida.

(iv) On or about November 22, 1999, MAJETTE cashed a $14,000 check at Platinum bank, located in Brandon, Florida.

(k) **The Corresponding Cash Deposits**

(i) On or about October 23, 1998, a conspirator caused a cash deposit of $2,602.27 to be made at Branch Banking & Trust into account number 5111474127, held in the name of ELAINE COMER, with ELAINE COMER as signatory.

(ii) On or about October 23, 1998, a conspirator caused a cash deposit of $2,701.16 to be made at Lexington State Bank into account number 0011-006806, held in the name of CASTLE TRUCKING, with ELAINE and ROBERT COMER as signatories.

(iii) On or about February 1, 1999, a conspirator caused a cash deposit of $2,900.61 to be made at Branch Banking & Trust into account number 5111474127, held in the name of ELAINE COMER, with ELAINE COMER as signatory.

(iv) On or about February 1, 1999, a conspirator caused a cash deposit of $2,980.48 to be made at Lexington State Bank into account number 0011-006806, held in the name of CASTLE TRUCKING, with ELAINE and ROBERT COMER as signatories.

(v) On or about February 8, 1999, a conspirator caused a cash deposit of $2,125.14 to be made at Branch Banking & Trust into account number 511474127, held in the name of ELAINE COMER with ELAINE COMER as signatory.

(vi) On or about February 26, 1999, a conspirator caused a cash deposit of $1,900.84 to be made at Lexington State Bank into account number 0011-006806, held in the name of CASTLE TRUCKING, with ELAINE and ROBERT COMER as signatories.

(vii) On or about May 21, 1999, a conspirator caused a cash deposit of $2,970.15 to be made at Lexington State Bank into account number 0011-006806, held in the name of CASTLE TRUCKING, with ELAINE and ROBERT COMER as signatories.

(viii) On or about June 9, 1999, a conspirator caused a cash deposit of $2,421.13 to be made at Lexington State Bank into account number 0011-006806, held in the name of CASTLE TRUCKING, with ELAINE and ROBERT COMER as signatories.

(ix) On or about September 29, 1999, a conspirator caused a cash deposit of $1,000 to be made at Branch Banking & Trust into account number 5111474127, held in the name of ELAINE COMER, with ELAINE COMER as signatory.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
### (Interstate Transportation of Stolen Property - 18 U.S.C. § 2314)

On or about November 22, 1999, in the Middle District of Florida,

RONALD MAJETTE,

defendant herein, did knowingly and willfully transport and cause to be transported, in interstate commerce a good, ware, and merchandise, of the value of $5,000 or more, that is, a Catepillar 416, serial number 8ZK02079, knowing the same to have been stolen.

In violation of Title 18, United States Code, Sections 2314 and 2.

## COUNT THREE
### (Sale or Receipt of Stolen Property - 18 U.S.C. § 2315)

On or about November 22, 1999, in the Middle District of Florida,

RONALD MAJETTE,

defendant herein, received, possessed, concealed, stored, sold, and disposed of a good, ware, and merchandise, of the value of $5,000 or more, that is a Catepillar 416, serial number 8ZK02079, which had crossed a state boundary after being stolen, knowing the same to have been stolen.

In violation of Title 18, United States Code, Sections 2315 and 2.

## FORFEITURES

The allegations contained in Counts One through Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

1. From their engagement in the conspiracy charged in Count One to violate Title 18, United States Code, Section 2314 and 2315,

> ROBERT LEE EVANS COMER,
> ELAINE MATUK COMER,
> RONALD MAJETTE,
> LEO FRANCIS PRATHER, and
> MICHAEL LYNN COMER,

defendants herein, shall forfeit to the United States, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and 28 U.S.C. § 2461(c), all of their right, title, and interest in any property, real and personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of such violations.

2. From his engagement in any or all of the violations alleged in Counts Two and Three of this Indictment in violation of Title 18, United States Code, Section 2314 and 2315, respectively,

> RONALD MAJETTE,

defendant herein, shall forfeit to the United States, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all of his right, title, and interest in any property, real and personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of such violations.

3. If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

              A TRUE BILL,

              _____
              Foreperson

PAUL I. PEREZ
United States Attorney

By: _____
  Jay G. Trezevant
  Assistant United States Attorney

By: _____
  Robert T. Monk
  Assistant United States Attorney
  Deputy Chief, General Crimes Section