UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.        Case No. 8:04-cr-539-T-27EAJ

ELAINE MATUK COMER,

    Defendant.

**MEMORANDUM OF UNITED STATES OF AMERICA
CONCERNING FORFEITURE SPECIAL VERDICT
AS TO ELAINE MATUK COMER**

The United States of America, by and through the undersigned Assistant United States Attorney for the Middle District of Florida, submits this memorandum concerning forfeiture special verdict as to defendant Elaine Matuk Comer. On November 9, 2006, the Court set defendant Elaine Matuk Comer for trial for the December 4, 2006 trial term. (Doc. 160). This is to notify the Court that upon the defendant's conviction on Count One of the Indictment, the United States intends to seek a forfeiture money judgment for Elaine Matuk Comer based on the amount of proceeds the defendant obtained as a result of the crime of conviction. Under Fed. R. Crim. P. Rule 32.2(b)(1), the Court determines the amount of such forfeiture money judgment. The jury's role in determining forfeiture is limited to a finding of a nexus between the crime of conviction and the particular asset sought for forfeiture. In this instance, the United States is not seeking forfeiture of specific assets related to the crimes charged in the

Indictment. Rather, the United States will seek a forfeiture money judgment for the defendant.[1]

## I. **Applicable Statute**

The Court's authority to order forfeiture for conspiracy to transport stolen goods in interstate commerce and receipt of stolen goods in interstate commerce, contrary to the provisions of 18 U.S.C. §§ 1314 and 1315, respectively, in violation of 18 U.S.C. § 371, is founded on 18 U.S.C. § 2461(c), which provides for the civil forfeiture of the following:

> (C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section 215, 471, 472, 473, 474, 476, 477, 478, 479, 480, 481, 485, 486, 487, 488, 501, 502, 510, 542, 545, 656, 657, 842, 844, 1005, 1006, 1007, 1014, 1028, 1029, 1030, 1032, or 1344 of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

18 U.S.C. § 981(a)(1)(C). Pursuant to 18 U.S.C. § 1956(c)(7), "specified unlawful activity" includes any act or activity listed in section 18 U.S.C. § 1961(1), except an act which is indictable under subchapter II of chapter 53 of Title 31. Violations of 18 U.S.C. §§ 2314, 2315, and 371 are violations listed in 18 U.S.C.

---

[1] Rule 32.2, Fed. R. Crim. P., effective December 1, 2000, amended Rule 7(c)(2), replaced pre-existing Rules 31(e), 32(d)(2) and 38(e) and created a comprehensive rule for criminal forfeiture cases. Rule 32.2 was amended again, effective December 1, 2002, but the changes were stylistic, rather than substantive. See 2002 Amendments, Advisory Committee Notes. (West 2003).

§ 1961(1).[2]

## II. Jury Determination on Forfeiture

The plain language of the statutes contemplates that the Court make the ultimate determination on forfeiture. Rule 32.2 sets forth the procedures governing criminal forfeiture and codifies each party's right to a jury determination on forfeiture. In order to have a jury determination on property subject to forfeiture, following the entry of a guilty verdict, either the plaintiff or the defendant must request that the jury make such determination. Rule 32.2 further provides:

> Upon a party's request in a case in which a jury returns a verdict of guilty, the jury must determine ***whether the government has established the requisite nexus between the property and the offense*** committed by the defendant.

Fed. R. Crim. P. 32.2(b)(4) (emphasis added).

If a jury verdict is requested, it is the jury's function to decide whether the government has proved the elements necessary for the Court to declare the property forfeited. It is no longer necessary for the jury to determine the extent of the defendant's interest in the property [3] — that issue is left for the ancillary

---

[2] 28 U.S.C. § 2461(c) authorizes the criminal forfeiture of any property which is subject to forfeiture civilly, and the procedures for the forfeiture and disposition of property are governed by the provisions of 21 U.S.C. § 853, as well as Fed. R. Crim. P. 32.2(c)(2).

[3] "Since the enactment of the ancillary proceeding statutes, the requirement in Rule 31(e) that the court (or jury) determine the extent of the defendant's interest in the property as part of the criminal trial has become an unnecessary anachronism that leads more often than not to duplication and a waste of judicial resources." Fed. R. Crim. P.

**Memorandum of Law Concerning Forfeiture Special Verdict - Page 3**

proceedings.  Fed. R. Crim. P. 32.2 (*Advisory Committee Notes*).  It is the duty of the jury solely to determine whether the government has established the requisite nexus between the property alleged subject to forfeiture and the offense(s) for which the defendant was found guilty.  In this case, the government does not seek the forfeiture of any specific property.  As a result, there is no nexus to determine.  *See* Rule 32.2(b)(2) ("If the government seeks forfeiture of ***specific property***, the court must determine whether the government has established the ***requisite nexus between the property and the offense***.") (emphasis added).

Instead, the government seeks to forfeit the total amount of gross proceeds obtained by the defendants by obtaining a money judgment in that amount.  The only determination to be made is a calculation of the amount, not a determination of whether a nexus exists between the forfeitable property – the criminal proceeds – and the crime.  *See* Rule 32.2(b)(1) ("If the government seeks a ***personal money judgment***, the court must determine ***the amount of money*** that the defendant will be ordered to pay.") (emphasis added). The government, therefore, maintains that neither party has a right to request a jury determination of the amount of a money judgment.

There is no constitutional right to a jury determination of the forfeiture of property.  *See United States v. Libretti*, 516 U.S. 29, 49 (1995) ("the nature of criminal forfeiture as an aspect of sentencing compels the conclusion that the

---

32.2(b)(4) (*Advisory Committee Notes*).

**Memorandum of Law Concerning Forfeiture Special Verdict - Page 4**

right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional protection").[4] The only right to a jury trial is created in Federal Rule of Criminal Procedure 32.2(b)(4). *See United States v. Gaskin*, No. 00-cr-6148, 2002 WL 459005, at *9 n.3 (W.D.N.Y. 2002) (notwithstanding *Libretti*, which appears to make trial by jury on the forfeiture issue inappropriate, Rule 32.2(b)(4) gives the defendant the right to have the jury determine the forfeiture if the case was tried before a jury), *aff'd*, 364 F.3d 438 (2$^d$ Cir. 2004). As noted above, the plain language of Rule 32.2(b)(4) seems to limit the role of the jury to determining the forfeitability of specific assets, while leaving it to the Court to determine the amount of a money judgment. *See* Rule 32.2(b)(4) ("the jury must determine whether the Government has established the **requisite nexus between the property and the offense**") (emphasis added). This allocation of responsibilities makes particular sense since for sentencing purposes the Court, not the jury, is responsible for determining the total amount of the loss, which in a fraud case is almost always identical to the amount of the proceeds. It would be both inefficient and potentially problematic to retain the jury to set the amount of the

---

[4] The post-*Libretti* changes to federal sentencing law do not impact forfeiture. *See United States v. Booker*, 125 S.Ct. 738, 764 (2005) (18 U.S.C. § 3554, the provision in the Sentencing Reform Act which requires the district court to enter an order of criminal forfeiture at sentencing, is "perfectly valid"). This is so because *Booker* "prohibits a judicial increase in punishment beyond a previously specified range; in criminal forfeiture, there is no previously specified range." *See United States v. Fruchter*, 411 F.3d 377, 383 (2$^d$ Cir. 2005). Pre-*Booker*, the Eleventh Circuit has held that forfeiture need only be proved by a preponderance and was outside *Apprendi* analysis. *United States v. Cabeza*, 258 F.3d 1256, 1257 (11th Cir. 2001) (per curiam) ("Because forfeiture is a punishment and not an element of the offense, it does not fall within the reach of *Apprendi*.").

proceeds, when the Court must make the same finding at sentencing.

The only published cases on this issue support the interpretation that juries have no role in determining the amount of a money judgment. *See United States v. Tedder*, 403 F.3d 836, 841 (7th Cir. 2005) (the defendant's right under Rule 32.2(b)(4) is to have the jury determine if the Government has established the required nexus between the property and his crime; the rule does not give the defendant the right to have the jury determine the amount of a money judgment); *see also United States v. Reiner*, 393 F. Supp. 2d 52, 55 (D. Me. 2005) (when the government is seeking only a money judgment, there is no nexus requirement and thus no nexus for the jury to find). Judges in this district have taken conflicting positions on the issue. However, no written orders have been entered.

## III. Conclusion

In conclusion, the United States asserts that where the government seeks a personal forfeiture money judgment as to a defendant, the Court determines the amount of such money judgment, not the jury.

WHEREFORE, the United States requests that any motion requesting a

**Memorandum of Law Concerning Forfeiture Special Verdict - Page 6**

jury determination on forfeiture in the instant case be denied as moot.

                                Respectfully submitted,

                                PAUL I. PEREZ
                                United States Attorney

By:   s/Adelaide G. Few
       ADELAIDE G. FEW
       Assistant United States Attorney
       Florida Bar Number 558478
       400 N. Tampa Street, Suite 3200
       Tampa, Florida 33602
       Telephone: (813) 274-6325
       Facsimile: (813) 274-6220
       E-mail: adelaide.few@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Jay G. Trezevant
Assistant United States Attorney

Kelley W. Collier, Esquire

Wayne Buchanan Eads, Esquire

Jeffrey A. Blau, Esquire

                                              s/Adelaide G. Few
                                              ADELAIDE G. FEW
                                              Assistant United States Attorney
                                              Asset Forfeiture Section